977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Shirrell L. JONES; Theresa M. Jones, also known as
Tri-County Farms, Debtors
Shirrell L. JONES; Theresa M. Jones, Plaintiffs-Appellants,
v.
CENTRAL KENTUCKY AGRICULTURAL CREDIT ASSOCIATION, Defendant-Appellee.
 No. 92-5669.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order of the district court sitting as an appellate court in bankruptcy. The sole issue in this appeal is whether the debtors' interest in a 102 acre farm tract acquired by them after the commencement of their Chapter 12 bankruptcy proceeding, but prior to its dismissal, is to be considered property of the debtors' estate available for distribution to unsecured creditors. Additionally, the debtors have requested the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1974, Shirrell Jones (debtor) received a contingency interest in and to an undivided one-half interest in a 102 acre farm. In 1987, Jones and his wife filed a Chapter 12 petition in the United States Bankruptcy Court for the Western District of Kentucky. The contingency interest was not listed as an asset. A five year plan of reorganization was confirmed on June 24, 1988. In December of 1990, the undivided one-half contingent remainder interest vested in Jones.
 
 
 3
 Central Kentucky Agricultural Credit Association, a secured creditor, filed motions on October 29, 1991, to modify the Chapter 12 plan and to compel surrender of the interest of the debtors in the farm to the trustee. On January 9, 1992, the bankruptcy court entered an order declaring that the debtors' interest in the farm was property of the bankruptcy estate. In a memorandum opinion and order entered May 5, 1992, the district court, sitting as an appellate court, affirmed the decision of the bankruptcy court.
 
 
 4
 The issue presented in the instant case is a question of law. In bankruptcy matters, conclusions of law are subject to de novo review. See In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988).
 
 
 5
 Upon review, we affirm the district court's order. In a Chapter 12 proceeding, 11 U.S.C. § 1207 specifically defines property of the estate as follows:
 
 
 6
 (a) Property of the estate includes, in addition to the property specified in section 541 of this title--
 
 
 7
 (1) All property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first (emphasis added).
 
 
 8
 Section 1207 clearly expands upon the definition of property of the estate as set forth in § 541, by including the debtor's property acquired after the commencement of the Chapter 12 case. See In re Foos, 121 B.R. 778, 782 (Bankr.S.D.Ohio 1990). Thus, in a Chapter 12 proceeding, property of the estate includes property interests of the debtor during the pendency of the entire case, in addition to property rights held by the Chapter 12 debtor at the commencement of the case. The inherited property at issue in this case clearly fits within these guidelines and is estate property.
 
 
 9
 Accordingly, the requests for counsel and for a transcript at government expense are denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.